**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

**WILD VIRGINIA and POTOMAC
RIVERKEEPER NETWORK,**

**Plaintiffs,**

**v.**                                                    **CIVIL ACTION NO. 3:25-cv-0100**

**VIRGINIA DEPARTMENT OF
ENVIRONMENTAL QUALITY,
MICHAEL ROLBAND, in his official
capacity as Director of Virginia
Department of Environmental Quality,
and UNITED STATES DEPARTMENT
OF THE ARMY, U.S. ARMY
GARRISON – FORT BELVOIR,**

**Defendants.**

### PLAINTIFFS' RESPONSE TO THE UNITED STATES ARMY'S
### SECOND MOTION FOR EXTENSION OF TIME TO FILE REPLY

Plaintiffs Wild Virginia and Potomac Riverkeeper Network oppose the United States

Army's motion for an additional extension of time to file a reply in support of its motion to dismiss.

The Army seeks, without good cause, an additional two weeks to file its reply. This is the Army's

third motion for an extension for briefs in support of its motion to dismiss.

This action was originally filed on December 1, 2025. The Army was served with the

summons and petition on December 10, 2026. Despite having, as the federal government, a full

sixty days to file its responsive pleading, the Army sought and received an extra 30 days to file its

motion to dismiss. The Army then requested, and received, an extra two weeks to file its reply in

support of its motion to dismiss. On top of that, it now requests two more weeks, which would

result in the Army having four weeks of extra time to file its reply (and a total of about two months extra, counting both the extensions for the motion to dismiss and the reply).

The time allowed for a reply is generally seven days, a short but reasonable amount of time given that replies are optional and are meant to be limited to the issues raised in the response brief. Thus, one might expect a party seeking a total of five weeks to draft a reply to offer a good reason for needing five times more than the usual amount of time allowed. Indeed, Federal Rule of Civil Procedure 6(b)(1)(A) contemplates even motions for short extensions to require a showing of "good cause."

Although "good cause" is not a demanding standard, the Army does not offer any excuse for needing additional time to file its *reply*. Its proffered reason for seeking this latest extension is completely unrelated to the proper content of a reply brief. Instead, the Army indicates that it seeks time to coordinate internally and draft briefing related to a jurisdictional argument it has not yet raised. A new argument does not belong in a reply brief and, as the Army acknowledges, it would necessitate a response by Plaintiffs. The Army's motion should be denied for lack of good cause shown, especially given the ample extra time the Army has already been afforded through the previous two extensions. *See, e.g.*, *Batton v. Commc'ns Workers of Am., AFL-CIO*, No. 2:13CV426, 2014 WL 5742409, at *2 (E.D. Va. Aug. 4, 2014), *aff'd sub nom. Batton v. Commc'n Workers of Am., AFL-CIO*, 618 F. App'x 175 (4th Cir. 2015) (denying a third motion for extension under Rule 6(b)(1)(A) where the movant failed to show good cause or obtain the consent of the opposing parties).

Furthermore, under these circumstances, an extension is completely unnecessary and would not even be helpful. If the new issue the Army wishes to raise is indeed a jurisdictional one,

it may raise that issue at any time, and there is no need to further delay the completion of briefing on the Defendants' motions to dismiss.

The Army seeks, alternatively, that the Court delay resolution of the two pending motions to dismiss while waiting for the Army to file a second motion to dismiss. This request amounts to a motion for a stay of an indefinite period of time, and the Army has not even attempted to satisfy the standard for a stay motion. Accordingly, Plaintiffs ask the Court to deny the Army's Motion and allow the case to proceed without further delay.

Dated: April 17, 2026

Respectfully submitted,

s/*Claire Horan*
Claire Marie Horan (VSB No. 95386)
APPALACHIAN MOUNTAIN ADVOCATES
P.O. Box 403
Charlottesville, Virginia 22902
choran@appalmad.org
(907) 687-8561

*Counsel for Plaintiffs*

<p style="text-align:center">**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**</p>

**WILD VIRGINIA and POTOMAC
RIVERKEEPER NETWORK,**

       **Plaintiffs,**

       **v.**                                    **CIVIL ACTION NO. 3:25-cv-0100**

**VIRGINIA DEPARTMENT OF
ENVIRONMENTAL QUALITY,
MICHAEL ROLBAND, in his official
capacity as Director of Virginia
Department of Environmental Quality,
and UNITED STATES DEPARTMENT
OF THE ARMY, U.S. ARMY
GARRISON – FORT BELVOIR,**

       **Defendants.**

<p style="text-align:center">**<u>CERTIFICATE OF SERVICE</u>**</p>

I, Claire Marie Horan, do hereby certify that on April 17, 2026, I electronically filed the

foregoing document with the Clerk of the Court using the CM/ECF filing system.

<div style="margin-left:50%">
s/*Claire Horan*

Claire Marie Horan (VSB No. 95386)
APPALACHIAN MOUNTAIN ADVOCATES
P.O. Box 403
Charlottesville, Virginia 22902
choran@appalmad.org
(907) 687-8561

*Counsel for Plaintiffs*
</div>