**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

**WILD VIRGINIA and POTOMAC RIVERKEEPER NETWORK,**

**Plaintiffs,**

**v.** **CIVIL ACTION NO. 3:25-cv-0100**

**VIRGINIA DEPARTMENT OF ENVIRONMENTAL QUALITY, MICHAEL ROLBAND, in his official capacity as Director of Virginia Department of Environmental Quality, and UNITED STATES DEPARTMENT OF THE ARMY, U.S. ARMY GARRISON – FORT BELVOIR,**

**Defendants.**

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A SURREPLY**
**IN OPPOSITION TO THE UNITED STATES'S SECOND MOTION TO DISMISS**

Plaintiffs Wild Virginia and Potomac Riverkeeper Network hereby move for leave to file a surreply in opposition to the United States's (or, the "Army") Second Motion to Dismiss for Lack of Subject-Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (ECF No. 24). In the Western District of Virginia, further briefs may be submitted after the initial brief in support of a motion, response, and rebuttal brief with the leave of the Court. W.D. Va. L. R., Title II, Rule 11(c)(1).

This Court has indicated that granting leave for plaintiffs to file a surreply may be "merited" where, as here, the defendants have "introduced [] new arguments in their rebuttal brief in support of their motion to dismiss" resulting in plaintiffs not having "ample opportunity to defend against the [d]efendants' motion to dismiss." *Owen v. Liberty Univ.*, No. 6:19-CV-00007,

2020 WL 1856798, at *3 (W.D. Va. Apr. 13, 2020), *aff'd*, No. 20-1596, 2022 WL 127894 (4th Cir. Jan. 13, 2022). Likewise, the Eastern District of Virginia has held that "[a] court has the discretion to allow a sur-reply where a party brings forth new material or deploys new arguments in a reply brief." *Dillard v. Kolongo*, No. 1:16CV1060 (TSE/JFA), 2017 WL 2312988, at *6 (E.D. Va. May 25, 2017). Allowing a surreply is a appropriate "when fairness dictates based on new arguments raised in the previous reply." *Id.*; *see also Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004) (citing *Lewis v. Rumsfeld,* 154 F.Supp.2d 56, 61 (D.D.C. 2001)) ("Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply."). Here, Plaintiffs seek leave to file a surreply to address arguments new arguments that the Army raised for the first time in its reply brief.

On June 10, 2026, the Army filed a Second Motion to Dismiss for Lack of Subject-Matter Jurisdiction pursuant to FRCP 12(b)(1), with supporting brief. Army's Mot., ECF No. 24; Army's Mem., ECF No. 25. On June 24, 2026, Plaintiffs filed their response in opposition. Pls.' Resp., ECF No. 26. The Army filed a reply on July 1, 2026. Army's Reply Mem., ECF No. 27. Plaintiffs have acted as quickly as practicable to file this Motion so as not to inconvenience the Court or the other parties.

The Army's reply included new arguments that were not raised previously and were not in rebuttal to arguments in Plaintiffs' response brief. Specifically, the reply relies on an unpublished opinion, *United States v. New Mexico Environment Department ("NMED")*, that was decided on June 16, 2026, and the Army's assertions that the interpretations therein of the Resource Conservation and Recovery Act ("RCRA") and New Mexico's judicial review mechanisms are instructive in this case. *United States v. New Mexico Env't Dept.,* No. 22-2132, 2026 WL 1733641

(10th Cir. June 16, 2026); *see* Army's Reply Mem., ECF No. 27, at 3. Neither *NMED* nor RCRA had previously been mentioned by any party, and the Army relies heavily on *NMED* to offer, for the first time, a construction of the specific language of the Clean Water Act's *Federal Facilities Provision*. Thus, "fairness dictates" allowance of a surreply because of "new arguments raised in the previous reply." *Dillard v. Kolongo*, No. 1:16CV1060 (TSE/JFA), 2017 WL 2312988, at *6 (E.D. Va. May 25, 2017). The basic fairness of allowing a surreply is especially important here if the court finds that the arguments raised by the Army may be determinative.

Without the opportunity to file a surreply, Plaintiffs will lack the opportunity to respond to the Army's assertations that *NMED* militates in favor of granting the Army's Second Motion to Dismiss. Plaintiffs' proposed surreply (attached) is limited to responding to the Army's new arguments that it asserts are supported by *NMED*.

For the foregoing reasons, Plaintiffs ask the Court to grant their motion for leave to file the attached surreply in opposition to the Army's Second Motion to Dismiss.

Dated: July 6, 2026

Respectfully submitted,

s/*Claire Horan*
Claire Marie Horan (VSB No. 95386)
APPALACHIAN MOUNTAIN ADVOCATES
P.O. Box 403
Charlottesville, Virginia 22902
choran@appalmad.org
(907) 687-8561

*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

**WILD VIRGINIA and POTOMAC RIVERKEEPER NETWORK,**

**Plaintiffs,**

**v.** **CIVIL ACTION NO. 3:25-cv-0100**

**VIRGINIA DEPARTMENT OF ENVIRONMENTAL QUALITY, MICHAEL ROLBAND, in his official capacity as Director of Virginia Department of Environmental Quality, and UNITED STATES DEPARTMENT OF THE ARMY, U.S. ARMY GARRISON – FORT BELVOIR,**

**Defendants.**

## CERTIFICATE OF SERVICE

I, Claire Marie Horan, do hereby certify that on July 6, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system.

s/*Claire Horan*
Claire Marie Horan (VSB No. 95386)
APPALACHIAN MOUNTAIN ADVOCATES
P.O. Box 403
Charlottesville, Virginia 22902
choran@appalmad.org
(907) 687-8561

*Counsel for Plaintiffs*