CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
September 03, 2026
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| Wild Virginia | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Potomac Riverkeeper Network, | ) | Civil Action No. 3:25-cv-100 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Virginia Department of Environmental Quality, | ) | |
| | ) | |
| | ) | |
| and | ) | |
| | ) | |
| United States Department of the Army, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

In this dispute, Plaintiffs Wild Virginia and Potomac Riverkeeper Network ("PRKN") challenge Defendant Virginia Department of Environmental Quality's ("DEQ") issuance of a permit to Defendant United States Department of the Army's ("United States") Fort Belvoir without any effluent limitations or monitoring requirements concerning per- and polyfluoroalkyl substances ("PFAS"). (Pls.' Pet. for Appeal at. 2. (Dkt. 1-2).) This matter is before the court on three motions to dismiss under Federal Rule of Civil Procedure 12(b)(1): one by DEQ, (Dkt. 10), and two by the United States, (Dkt. 14; Dkt. 24). Both DEQ and the United States argue that this court lacks subject matter jurisdiction because Plaintiffs lack

standing, (Dkt. 11 at 7–11; Dkt. 15 at 9–14; Dkt. 23 at 2–5), and because Defendants enjoy sovereign immunity, (Dkt. 11 at 11–12; Dkt. 25 at 7–9).

However, no party has directly addressed a threshold, potentially dispositive issue: whether this court has jurisdiction to grant the relief sought in Plaintiffs' Petition for Appeal. (Dkt. 1-2 at 39–40.) This challenge, brought pursuant to the Virginia Administrative Process Act ("VAPA"), Va. Code Ann. §§ 2.2-4000—2.2-4031, was originally filed in the Sixteenth Judicial Circuit for the City of Charlottesville. (Dkt 1-2 at 1–2.) There, Plaintiffs requested several forms of relief, including that the court

> a) declare that DEQ's decision not to address PFAS was not supported by substantial evidence in the record;
>
> b) remand the matter to DEQ with directions to reach a determination on the need for monitoring requirements and effluent limitations for PFAS that is supported by substantial evidence in the record, including any additional evidence adduced on remand, including by requesting it from Fort Belvoir; [and]
>
> c) suspend or set aside the Final Permit[.]

(Dkt. 1-2 at 39–40). The United States[1] removed the action to this court pursuant to 28 U.S.C. § 1442(a),[2] which allows removal of a state action to the appropriate district court when the action is brought against "[t]he United States or any agency thereof."

As a result, this court is now asked to reverse and direct a state agency with respect to the challenged permit. (Dkt. 1-2 at 39–40.) "Federal district courts are courts of limited,

[1] Plaintiffs were required by Virginia statute to name the United States as a defendant in the state proceedings. Under VAPA, challenges to agency decisions must comply with the "Rules of Supreme Court of Virginia." Va. Code Ann. § 2.2-4026(A). Pursuant to these rules, "[w]henever a case decision disposes of an application for a . . . permit or other benefit, the applicant, licensee or permittee is a necessary party to any proceeding under this part." Va. Sup. Ct. R. 2A:1(c). Thus, Plaintiffs named the United States, the permittee, as Defendant alongside DEQ. *See* (Pls.' Pet. for Appeal (Dkt. 1-2).)
[2] No party has challenged the United States' ability to remove. (*See* Dkt. 11 at 2; Dkt. 16 at 20.)

original jurisdiction with no power to sit as appellate tribunals over state court or administrative proceedings." *Kirkpatrick v. Lenoir Cnty. Bd. of Educ.*, 216 F.3d 380, 387 (4th Cir. 2000). "[C]ross-system appeals from state courts to federal courts are not contemplated by our system of federalism." *Id.* at 386. As a result, "[f]ederal district courts cannot directly supervise and supplant state administrative action by affirming, reversing, or modifying administrative decisions." *Id.* at 387; *see Jiggetts v. Mosby*, No. CV ELH-20-493, 2020 WL 998737, at *1 (D. Md. Mar. 2, 2020) (dismissing plaintiff's complaint because the district court "does not have jurisdiction to require a state court or agency to take action or refrain from an action," as plaintiff had asked in his request for injunctive relief); *Renaud v. Atkins*, 591 F. Supp. 638, 639 (D. Mass. 1984) (remanding plaintiff's claims for "judicial review of final [state] administrative decisions" where claims originated in state court but were removed pursuant to 28 U.S.C. §§ 1441–42).

In other words, given the federalism principles described above, the court is unsure that § 1442(a) grants it jurisdiction to sit in review of a Virginia state agency. The court finds that resolution of this fundamental jurisdictional issue is necessary to proceed in this case. "[D]istrict courts have an independent obligation to address subject matter jurisdiction, even *sua sponte*." *Hill v. Hubbell Distribution, Inc.*, No. 1:12CV51, 2013 WL 1726562, at *2 (W.D.N.C. Apr. 19, 2013) (citing *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008)). Rather than devote judicial resources to resolving questions of Article III standing[3] or

---

[3] While standing is also a threshold jurisdictional issue, "[i]t is entirely possible that Plaintiffs could cure their failure to establish standing by amending their Complaint," thus prolonging litigation in a venue which is potentially without jurisdiction. *Hatfield v. Transgas Dev. Sys.*, LLC, No. CV 3:25-0714, 2026 WL 766492, at *4 (S.D.W. Va. Mar. 18, 2026). Thus, the court is persuaded that judicial economy counsels first addressing the federalism issue described.

sovereign immunity,[4] the court will first address the more fundamental challenge to its jurisdiction posed by these federalism concerns. The court believes that supplemental briefing on this issue is the appropriate next step for efficient resolution of this case.

Accordingly, the court **DENIES** the outstanding motions to dismiss, (Dkt. 10, Dkt. 14, Dkt. 24), as premature. The court **ORDERS** supplemental briefing on the issue of whether the court has jurisdiction to grant the relief requested of it—and, if not, the course of action it should take. It is **ORDERED** that Plaintiffs file this briefing by 5 p.m. EDT, September 24, 2026 and that Defendants respond by 5 p.m. EDT, October 8, 2026. The supplemental brief shall be limited to fifteen (15) pages in length and the response brief to ten (10) pages. The court does not order a reply brief at this time. Defendants may re-file their motions to dismiss on standing and sovereign immunity grounds once the court issues its ruling on the threshold jurisdictional issue.

The Clerk is directed to forward copies of this Order to all counsel of record.

**IT IS SO ORDERED.**

[4] While sovereign immunity also presents a threshold jurisdictional issue, it may go to personal jurisdiction rather than subject-matter jurisdiction. *See Turkiye Halk Bankasi A.S. v. United States*, 598 U.S. 264, 282 (2023) (Gorsuch, J., concurring in part and dissenting in part) (noting that "[g]enerally, questions about sovereign immunity do not go to a court's subject-matter jurisdiction," but instead "usually go to a court's personal jurisdiction over a particular defendant"); *see also Roach v. W. Virginia Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 48 (4th Cir. 1996) (reasoning that "the Eleventh Amendment" is "not a true limit on the subject-matter jurisdiction of the federal courts," though it is "a block on the exercise of that jurisdiction") (citation omitted). The court must address issues of subject-matter jurisdiction before anything else. *Cf. Gill v. PNC Bank, Nat. Ass'n*, No. CIV. TDC.14-0677, 2015 WL 629004, at *3 n.4 (D. Md. Feb. 11, 2015) ("[I]n light of the Supreme Court's inflexible insistence that federal courts must resolve subject-matter jurisdiction questions first, the Court will address the . . . Eleventh Amendment immunity argument only after and separately resolving the question of this Court's subject-matter jurisdiction." (cleaned up)).

**ENTERED** this 3rd day of September, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE