**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

**WILD VIRGINIA and POTOMAC RIVERKEEPER NETWORK,**

**Plaintiffs,**

**v.** **CIVIL ACTION NO. 3:25-cv-0100**

**VIRGINIA DEPARTMENT OF ENVIRONMENTAL QUALITY, MICHAEL ROLBAND, in his official capacity as Director of Virginia Department of Environmental Quality, and UNITED STATES DEPARTMENT OF THE ARMY, U.S. ARMY GARRISON - FORT BELVOIR,**

**Defendants.**

**Plaintiffs' Response to the Court's Order Directing the Briefing of Jurisdictional Issues**

## INTRODUCTION

The Court's September 3, 2026 Order (ECF #33 at 4) asked two questions: whether it has jurisdiction to grant the relief the Petition requests, and, if not, what it should do.

The answer to the first question is yes. The United States removed this case under 28 U.S.C. §1442(a)(1). That statute, paired with the federal constitution, is sufficient to grant this court jurisdiction.

The answer to the second question is remand. If the Court concludes it lacks subject-matter jurisdiction, 28 U.S.C. § 1447(c) provides that the case "shall be remanded." The Supreme Court applied that command to a § 1442 removal in *International Primate Protection League v. Administrators of Tulane Educational Fund*, 500 U.S. 72, 87–89 (1991), and the Fourth Circuit has held that the possibility that remand will prove futile does not create an exception. Dismissal is not an available option.

## BACKGROUND

DEQ issued a Virginia Pollutant Discharge Elimination System ("VPDES") industrial stormwater permit on October 1, 2025, without effluent limitations or monitoring requirements for a class of chemicals collectively and commonly referred to as "PFAS." ECF #1-2 at 2. Plaintiffs filed a petition for appeal in the Circuit Court for the City of Charlottesville on December 1, 2025, under Virginia Code § 62.1-44.29 and the Virginia Administrative Process Act ("VAPA"), Va. Code §§ 2.2-4000 to -4031. ECF #1-2 at 2. Because Virginia law makes a permittee a necessary party to a judicial proceeding challenging its permit, Va. Sup. Ct. R. 2A:1(c); Va. Code § 2.2-4026(A), Plaintiffs named the United States Department of the Army, U.S. Army Garrison-Fort Belvoir, as a defendant alongside DEQ and its Director.

The petition for judicial review asks the court to declare that DEQ's decision not to address PFAS in the permit was unsupported by substantial evidence in the record, to remand to DEQ with instructions to reach a supported determination on PFAS monitoring and effluent limitations, and to set aside the permit. ECF#1-2 at 39-40. That is the relief Virginia Code authorizes in every Virginia Administrative Process Act case.

On December 19, 2025, the United States removed the case to this Court under 28 U.S.C. §1442(a)(1). ECF #1. Plaintiffs did not move to remand and do not contest removal. DEQ and the United States moved to dismiss for lack of standing and on sovereign-immunity grounds ECF ##10, 14, 24. On September 3, 2026, the Court denied those motions as premature and ordered supplemental briefing on whether it "has jurisdiction to grant the relief requested of it—and, if not, the course of action it should take." ECF #33 at 4.

## I. THIS COURT HAS JURISDICTION.

Regarding the jurisdiction of federal courts other than the Supreme Court, the Supreme Court long ago explained, "two things are necessary to create jurisdiction, whether original or appellate. The Constitution must have given to the court the capacity to take it, and an act of Congress must have supplied it." *Mayor and Aldermen of Nashville v. Cooper*, 73 U.S. 247, 252 (1867). Both elements are present here.

### A. Article III of the United States Constitution is Satisfied at Least Three Different Ways.

Article III of the United States Constitution extends the judicial power "to Controversies to which the United States shall be a Party." U.S. Const. art. III, §2, cl. 1. That alone places this case within the "judicial power of the United States." The United States is a party here—a necessary one under Virginia law—and the Petition seeks to set aside its permit. *City of Cookville, TN v. Upper Cumberland Membership Corp.*, 484 F.3d 380, 385 (6th Cir. 2007).

Moreover, the judicial power extends to this case because the United States has asserted the federal defense of sovereign immunity. That defense makes this a case "arising under" federal law for purposes of Article III, section 2, clause 1. *Mesa v. California*, 489 U.S. 121, 136 (1989).

Finally, even if the United States were not a party and even if the federal government's sovereign immunity were not at issue, this case would be within the federal judicial power. The Constitution's "arising under" jurisdiction extends to every case in which federal law is an "ingredient" of the claim, *Osborn v. Bank of the United States*, 22 U.S. (9 Wheat.) 738, 823 (1824); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 385 (2016), whether or not the cause of action is federal, *Mayor & Alderman of Nashville*, 73 U.S. (6 Wall.) at 252. Federal law is an ingredient of every claim in the Petition. DEQ issues VPDES permits

under a program the federal Environmental Protection Agency authorized under 33 U.S.C. §1342(b), and every such permit must include "any more stringent limitation … necessary to meet water quality standards." 33 U.S.C. §1311(b)(1)(C); *see id.* §1342(b)(1)(A). State water quality standards are themselves "part of the federal law of water pollution control." *Arkansas v. Oklahoma*, 503 U.S. 91, 110 (1992). The Petition alleges that DEQ failed to determine whether Fort Belvoir's discharges have the reasonable potential to cause or contribute to a violation of those standards—a determination federal regulations require of every permitting authority. 40 C.F.R. §122.44(d)(1); 9 VAC 25-31-220(D)(1)(a). And federal law requires Virginia to provide the judicial review Plaintiffs invoked. 40 C.F.R. §123.30. That is more than enough for Article III, which reaches considerably more broadly than the statutory "arising under" jurisdiction of 28 U.S.C. §1331. *Columbia Gas Transmission Corp. v. Drain*, 191 F.3d 552, 557 (4th Cir. 1999).

**B. Section 1442(a)(1) Gives This Court Jurisdiction to Decide This Case as the State Circuit Court would Have.**

Section 1442(a)(1) provides that "[a] civil action … that is commenced in a State court and that is against or directed to" "[t]he United States or any agency thereof" "may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. §1442(a)(1). The statute further defines "civil action" to "include any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order … is sought or issued." *Id.* §1442(d)(1).

The Supreme Court has "held that the right of removal is absolute for conduct performed under color of federal office," and that the policy favoring removal "should not be frustrated by a narrow, grudging interpretation of §1442(a)(1)." *Arizona v. Manypenny*, 451 U.S 232, 242 (1981) (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)). The Fourth Circuit has followed that instruction, holding that "[t]he form that the state action takes is … not controlling," and that a

state bar disciplinary proceeding was a removable "civil action" in a "state court" because "[t]o hold this proceeding outside the operation of the removal statute would be to elevate form over substance." *Kolibash v. Comm. on Legal Ethics of the W. Va. Bar*, 872 F.2d 571, 576 (4th Cir. 1989). And it has described the United States as "ordinarily enjoy[ing] an absolute right to remove cases to federal court" under §1442(a)(1), a right that "ensure[s] a federal forum in *any case* where a federal [defendant] is entitled to raise a [federal] defense." *North Carolina ex rel. Biser v. United States*, 7 F.4th 160, 163 (4th Cir. 2021) (quoting *Jefferson County v. Acker*, 527 U.S. 423, 447 (1999) (Scalia, J., concurring in part and dissenting in part)).

A petition for appeal under the Virginia Administrative Process Act is a civil action commenced in a state court. The Supreme Court settled that point in 1954: Once an administrative matter "has reached the stage of a perfected appeal and the jurisdiction of the state district court is invoked, it then becomes in its nature a civil action and subject to removal by the defendant to the United States District Court." *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 578–79 (1954); *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (state-court action seeking on-the-record review of a local commission's permit denials "can be removed to federal district court"). Moreover, that point is settled by the current definition of "civil action" under §1442, which includes "any proceeding' in which "a judicial order … is sought." 28 U.S.C. §1442(d)(1). That is exactly what Plaintiffs' state-court proceeding sought.

**C. Removal Transferred the Circuit Court's Jurisdiction and Remedial Authority to this Court.**

The doctrine of derivative jurisdiction governs removals under §1442, and "requires that a federal court's jurisdiction over a removed case mirror the jurisdiction that the state court had." *Palmer v. City Nat'l Bank of W. Va.*, 498 F.3d 236, 239, 245–46 (4th Cir. 2007); *see also Manypenny*, 451 U.S. at 242 ("[T]he invocation of removal jurisdiction by a federal officer does

not revise or alter the underlying law to be applied. In this respect, it is a purely derivative form of jurisdiction, neither enlarging nor contracting the rights of the parties."); *Boron Oil Co. v. Downie*, 873 F.2d 67, 69 (4th Cir. 1989) ("The jurisdiction of a federal district court upon removal, pursuant to 28 U.S.C. §1442, is essentially derivative of that of the state court … .").

Virginia Code §62.1-44.29 entitles any person who participated in the public comment process, and who "meets the standard for obtaining judicial review of a case or controversy pursuant to Article III of the United States Constitution," to judicial review of a permit decision "in accordance with the provisions of the Administrative Process Act." The VAPA, in turn, vests that review in the state circuit courts, Va. Code §2.2-4026(A), and specifies the remedy: where an agency action "is found by the court not to be in accordance with law under §2.2-4027, the court shall suspend or set it aside and remand the matter to the agency for further proceedings, if any, as the court may permit or direct in accordance with law," *id.* §2.2-4029.

That is the jurisdiction the United States removed to this Court, and that is the jurisdiction this Court now holds. The Fourth Circuit has explained that "[a] federal court's role under §1442 is similar to that of a federal court sitting in diversity": the statute "permits a state action to be adjudicated on the merits in a federal court 'free from local interests or prejudice,'" applying federal procedure to state substantive law. *Kolibash*, 872 F.2d at 576 (quoting *Manypenny*, 451 U.S. at 241–42). Federal courts do exactly that in the cases the United States removes: they decide state condemnation actions, *City of Cookeville*, 484 F.3d at 383, state penalty actions against federal facilities, *North Carolina ex rel. Bisor*, 7 F.4th at 162, and state bar proceedings, *Kolibash*, 872 F.2d at 577. The relief Plaintiffs request—a declaration that DEQ's decision lacked substantial-evidence support, suspension or vacatur of the permit, and remand to the agency—is the relief Virginia law directs a reviewing court to enter. Va. Code §2.2-4029.

Entering it here does not enlarge Plaintiffs' rights or DEQ's obligations; it gives effect to them in the forum the United States chose as authorized by Congress and the Constitution.

**D. This Court is Not Asked to Exercise Appellate Jurisdiction.**

The Court has expressed a concern that deciding this case would require it "to sit in review of a Virginia state agency" and to "reverse and direct" that agency. ECF #33 at 2–3. The Supreme Court has addressed that concern directly and rejected the premise that on-the-record review of a state or local administrative decision is beyond the original jurisdiction of a federal district court.

In *International College of Surgeons*, a property owner sought review of the Chicago Landmarks Commission's permit denials in Illinois state court under the Illinois Administrative Review Law, which provides deferential, on-the-record review. The City removed. The Seventh Circuit held the district court lacked jurisdiction over the administrative-review claims. The Supreme Court reversed. It held that "[t]here is nothing in the text" of the jurisdictional statute "that indicates an exception … for claims that require on-the-record review of a state or local administrative determination," and that the statute confers jurisdiction "without reference to the nature of review." 522 U.S. at 168–69. It then explained whey the "appellate" label does not fit: "[D]istrict courts routinely conduct deferential review pursuant to their original jurisdiction over federal questions, including on-the-record review of federal administrative action." *Id.* at The Court rejected reading its *Stude* decision to construe administrative review cases as appellate matters. *Stude*'s statement that a district court "'does not sit to review on appeal action taken administratively or judicially in a state proceeding,'" was made in dismissing an original federal suit filed while a state appeal was pending; "the Court did not suggest that jurisdiction turned on whether judicial review of the administrative determination was deferential or de novo," and

reading the statement "broadly to suggest that federal courts can never review local administrative decisions would conflict with" *Stude*'s own holding that a perfected state-court administrative appeal is "in its nature a civil action and subject to removal by the defendant." 522 U.S. at 169–70 (quoting 346 U.S. at 578–79). "If anything, then, *Stude* indicates that the jurisdiction of federal district courts encompasses … claims for review of" administrative decisions. *Id.* at 170.

The Fourth Circuit's decision in *Kirkpatrick v. Lenoir County Board of Education*, 216 F.3d 380 (4th Cir. 2000), is consistent with that holding and does not support a different rule here. *Kirkpatrick* was an Individuals with Disability Education Act action filed in federal court in the first instance. The question was whether such an action is an "original civil action, for which a counterclaim would be permitted," or "an appeal, such that the other party would have to file an additional appeal within the prescribed period." *Id.* at 383. The court held that it was the former. The passages this Court's Order quotes explain why an IDEA action is not an appeal—not that federal courts lack power to review state administrative decisions. The Fourth Circuit said so expressly: "while a federal district court may review a state review officer's decision and even defer to that decision, the federal court does not sit as an appellate court." *Id.* at 287. And it cautioned that when federal courts use "terminology such as 'review,' 'appeal,' 'upheld,' or 'vacated,'" the "lack of precision by courts … does not convert what are clearly original civil actions into impermissible cross-system appeals." *Id.* at 386 n.4.

The same is true here. A judgment in this case would be a judgment in a removed civil action, entered under Rule 58, applying the standard of review and the remedies that Virginia law supplies. That the standard deferential and the record is administrative does not make the

judgment appellate, any more than a judgment affirming or reversing the Commissioner of Social Security is appellate. *Int'l Coll. of Surgeons*, 522 U.S. at 171.

Nor does the principle that "cross-system appeals from state courts to federal courts are not contemplated by our system of federalism," *Kirkpatrick*, 216 F.3d at 386, reach this case. That principle is the *Rooker-Feldman* doctrine, and it concerns state-court judgments. "The doctrine has no application to judicial review of executive action, including determinations made by a state administrative agency." *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002); *Thana v. Bd. of License Comm'rs for Charles County*, 827 F.3d 314, 320 (4th Cir. 2016) ("State administrative decisions, even those that are subject to judicial review by state courts, are beyond doubt subject to challenge in an independent federal action commenced under jurisdiction explicitly conferred by Congress."). The permit decision is an executive action, and no state court has reviewed it. Thus, *Rooker-Feldman* is not implicated.

**E. *Fairfax County Redevelopment & Housing Authority v. W.M. Schlosser Co.* and Other Authorities Cited by the Court in its Order Address Different Jurisdictional Statutes.**

The original-jurisdiction-not-appellate-tribunal principle from *Kirkpatrick* cited in this Court's Order (at 3) is described in *Fairfax County Redevelopment & Housing Authority v. W.M. Schlosser Co.*, 64 F.3d 155, 158 (4th Cir. 1995). That latter case held that a district court lacked jurisdiction over a Virginia procurement appeal that a private contractor had removed on the basis of *diversity*. *Id.* at 157–58. The question there was whether the proceeding was a civil action within the district court's "original jurisdiction" under 28 U.S.C. §1332—the predicate that §1441(a)-removal requires and §1442(a)(1)-removal does not. Two years later, *International College of Surgeons* rejected the reading of *Stude* on which *Schlosser* rested. 522 U.S. at 169–70. The Supreme Court reserved the question whether administrative-review claims "if brought alone" would support diversity jurisdiction, *id.* at 171–72, and the Fourth Circuit has not

revisited *Schlosser*. But the Ninth Circuit, confronting its own pre-1997 decision to the same effect, held that *International College of Surgeons* "thoroughly dismantled" that reading of *Stude* and overruled its earlier case. *BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 790 (9th Cir. 2009). Whatever *Schlosser*'s continuing force in diversity cases, it says nothing about §1442, under which the district court's jurisdiction is defined by the state court's rather than by §1332.

*Kirkpatrick*'s footnote 6 does not change the analysis. It reads *International College of Surgeons* as holding "that district courts can exercise supplemental jurisdiction over state claims that call for deferential on-the-record review of state administrative findings when the district court already possesses original jurisdiction over another claim." 216 F.3d at 387 n.6. This case does not depend on supplemental jurisdiction, however. Section 1442(a)(1) confers jurisdiction over the "civil action" as a whole, not over a federal claim to which state claims are appended. *Mesa*, 489 U.S. at 136. The Court possesses original jurisdiction over the entire case because Congress authorized the United States to remove it.

That conclusion is not undermined by the two district court decisions the Court cited in its Order (at 3). *Renaud v. Atkins* did not consider whether §1442 conferred jurisdiction; rather it severed the plaintiffs' state-law claims against a state official and remanded them to state court, retaining and staying the federal claims. 591 F.Supp. 638, 640 (D. Mass. 1984). As explained below, its relevance to this case, if any, is regarding the proper disposition (remand rather than dismissal). *Jiggests v. Mosby* was a pro se action filed in federal court seeking an order compelling a state circuit court judge to rule on a pending petition. No. ELH-20-493, 2020 WL 998737 (D.Md. Mar. 2, 2020). It rests on *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969), which holds that federal courts may not issue mandamus to state courts.

### F. The Court's Federalism Concerns Would Be Addressed By the Absention Doctrine, Rather than Jurisdiction, But That Doctrine is Unavailable in a §1442 Case.

The Supreme Court acknowledged in *International College of Surgeons* that "there may be situations in which a district court should abstain from reviewing local administrative determinations even if the jurisdictional prerequisites are otherwise satisfied." 522 U.S. at 174. Accordingly, the Court's federalism considerations bear on whether jurisdiction *should* be exercised, not on whether it exists. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).

In §1442(a)(1) removal cases, however, the Fourth Circuit has expressly held that "discretionary abstention … is … not available." *Kolibash*, 872 F.2d at 575. Virginia's interests in reviewing its own agencies may be real, but Congress weighed that against the United States's interest in a federal forum and chose the federal forum.

## II. IF THE COURT CONCLUDES IT LACKS JURISDICTION, 28 U.S.C. §1447(C) REQUIRES REMAND TO THE CIRCUIT COURT.

Under 28 U.S.C. §1447(c), remand is mandatory. That statute, applicable to cases like this one removed under 28 U.S.C. §1442, provides that, "[i]f at any time before final judgment it appears that the district court lack subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). The Supreme Court applied that language to a §1442 removal in *International Primate Protection League*. In that case, a federal agency (the National Institute for Health ("NIH")) had removed a state-court suit; the Court held the removal unauthorized and considered NIH's argument that remand would be futile because the plaintiffs could not maintain the suit against NIH in state court. The Supreme Court rejected the argument and ordered remand: "The statute declares that, where subject matter jurisdiction is lacking, the removed case 'shall be remanded,'" and "the literal words of §1447(c) … on their face, give … no discretion to dismiss,

rather than remand, an action." 500 U.S. at 89 (cleaned up). The Fourth Circuit followed that rule in *Roach v. West Virginia Regional Jail & Correction Facility Authority*, in which it vacated a dismissal of a removed action and directed remand because "the futility of a remand to West Virginia state court does not provide an exception to the plain meaning of §1447(c)"). 74 F.3d 46, 49 (4th Cir. 1996). A district court may order such remand on its own motion. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).

Indeed, remand is the only disposition consistent with the concerns set out in this Court's Order. If this Court cannot review a Virginia agency's permit decision, the Circuit Court can. Virginia Code §62.1-44.29 confers that jurisdiction, and the United States itself has represented that Plaintiffs can obtain review of the permit "by proceeding against Virginia [DEQ] on remand to state court." ECF #27 at 7. Virginia has not taken a contrary position. Dismissal, by contrast, would leave the permit unreviewed in any court, which is a result in contravention of the Clean Water Act. Federal law requires that a state NPDES program provide "an opportunity for judicial review" of permit decisions, 40 C.F.R. §123.30, and Virginia has provided one. Section 1447(c) ensures that a federal defendant's efforts at removal cannot extinguish it.

## CONCLUSION

For the foregoing reasons, this Court has jurisdiction under 28 U.S.C. §1442(a)(1) to decide this case and to grant the relief Virginia Code §2-2-4029 provides. Should the Court conclude otherwise, it should remand the case to the Circuit Court for the City of Charlottesville under 28 U.S.C. §1447(c).

Dated: October 5, 2026

Respectfully submitted,

*s/Isak Howell*
Isak Howell (VSB 75011)
Appalachian Mountain Advocates

P.O. Box 2186
Roanoke, VA 24011-2186
isak@howell-lawoffice.com
(540) 998-7744

Claire Marie Horan (VSB 95386)
Appalachian Mountain Advocates
P.O. Box 403
Charlottesville, Virginia 22902
choran@appalmad.org
(907) 687-8561

*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

**WILD VIRGINIA and POTOMAC
RIVERKEEPER NETWORK,**

**Plaintiffs,**

**v.** **CIVIL ACTION NO. 3:25-cv-0100**

**VIRGINIA DEPARTMENT OF
ENVIRONMENTAL QUALITY,**

**MICHAEL ROLBAND, in his official
capacity as Director of Virginia
Department of Environmental Quality,
and UNITED STATES DEPARTMENT
OF THE ARMY, U.S. ARMY
GARRISON - FORT BELVOIR,**

**Defendants.**

**CERTIFICATE OF SERVICE**

I, Isak Howell, do hereby certify that on October 5, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system.

*s/Isak Howell*
Isak Howell (VSB 75011)
Appalachian Mountain Advocates
P.O. Box 2186
Roanoke, VA 24011-2186
isak@howell-lawoffice.com
(540) 998-7744