**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

Wild Virginia and Potomac Riverkeeper Network,

Plaintiffs,

v.

Virginia Department of Environmental Quality and United States Department of the Army,

Defendants.

Civil Action No. 3:25-cv-0100

**UNITED STATES' RESPONSE TO ORDER DIRECTING BRIEFING ON JURISDICTIONAL ISSUES.**

Defendant the United States Department of the Army (hereinafter "United States") submits this response to the Court's September 3, 2026 Order, Dkt. No. 33, requesting briefing on whether the Court has jurisdiction to grant the relief sought in Plaintiffs' complaint. As explained in the United States' two pending motions to dismiss, this Court *does not* have jurisdiction because: (1) the United States has not waived sovereign immunity as to Plaintiffs' claim; and (2) Plaintiffs have not established Article III standing. *See* Dkt. Nos. 14-15, 24-25. However, assuming *only for purposes of this brief* that a valid waiver of sovereign immunity exists and assuming that Plaintiffs have Article III standing (which both the United States and Virginia Department of Environmental Quality ("VADEQ") dispute), the United States agrees with Plaintiffs that this Court would have jurisdiction to grant the relief requested in the Complaint under Article III, Section 2 of the United States Constitution and pursuant to Congress's grant of jurisdiction under the Federal Officer Removal Statute, 28 U.S.C.

§ 1442(a)(1), because the United States is a party and because the case presents a federal question.

However, the United States disagrees with Plaintiffs on what action should be taken if the Court finds it does not have subject matter jurisdiction to decide the merits of Plaintiffs' claim. In such a case, the Court should dismiss the United States from the suit because Plaintiffs' claim against the United States is barred by sovereign immunity and remand the remaining action to Virginia state court.

## I. Sovereign Immunity Divests the Court of Subject Matter Jurisdiction over the United States and Is Not a Question of Personal Jurisdiction.

The Court's September 3, 2026 Order suggested that the Court must address the federalism issue in this case before sovereign immunity because the latter "may go to personal jurisdiction rather than subject-matter jurisdiction." Dkt. No. 33 at 4 n.4 (citing *Turkiye Halk Bankasi A.S. v. United States*, 598 U.S. 264, 282 (2023) (Gorsuch, J., concurring). The United States disagrees as to federal immunity.

The law is clear in the Fourth Circuit: "[S]overeign immunity deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction." *Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 649 (4th Cir. 2018); *accord Robertson v. United States*, 144 F.4th 610, 613 (4th Cir. 2025) (affirming district court's decision to dismiss case for lack of subject matter jurisdiction because there was no waiver of sovereign immunity); *Lancaster v. Sec'y of Navy*, 109 F.4th 283, 295 (4th Cir. 2024) (Because federal sovereign immunity barred the plaintiff's claims, "the district court should have dismissed the case without prejudice for lack of subject matter jurisdiction."); *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (concluding that district court "should have dismissed the suit for want of jurisdiction under Rule 12(b)(1)"

due to federal sovereign immunity). Nothing in the concurring opinion in *Turkiye Halk Bankasi*, or in the unsettled jurisprudence over whether the Eleventh Amendment deprives federal courts of subject-matter jurisdiction, *cf.* Dkt. No. 33 at 4 n.4, changes that well-established Circuit precedent.

## II. This Court Has Jurisdiction to Review State Administrative Actions When the United States is a Party.

Assuming arguendo that (1) there was a valid waiver of sovereign immunity by both the United States and Commonwealth of Virginia and (2) Plaintiffs have standing (all of which is disputed here), this Court would have jurisdiction to grant the relief requested in Plaintiffs' complaint. The Constitution of the United States authorizes federal courts to hear all controversies to which the United States is a party and that raise a question of federal law. Article III, Section 2, Clause 1 of the United States Constitution, "Jurisdiction of Courts," states in relevant part, "[t]he judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority . . . *to Controversies to which the United States shall be a Party*." U.S. Const. art. III, § 2, cl. 1 (emphasis added); *see also City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 389, 391 (6th Cir. 2007) ("Article III, section 2 extends the federal judicial power 'to Controversies to which the United States shall be a Party'" and, thus, "any federal agency sued can always remove" to federal court.). Thus, this Court would have jurisdiction over the case because the United States is a Defendant.

This Court would also have jurisdiction because the case presents a federal question. The Supreme Court explained that, "[e]ven though state law creates [a party's] causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law."

*City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164 (1997); *see United States v. Ill. Pollution Control Bd.*, 17 F. Supp. 2d 800, 805 (N.D. Ill. 1998) ("[A]ny litigation in which the United States or one of its agencies is a party presents a quintessential instance of a federal question claim or claims."). Here, the relevant "substantial question of federal law" that requires resolution is the United States' defense of sovereign immunity. *See* United States' Second Mot. to Dismiss for Lack of Jurisdiction, Dkt. Nos. 24-25.

Congress vested federal district courts with jurisdiction to hear all civil actions involving the United States and federal agencies to the full extent authorized under the Constitution. The federal officer and agency removal statute permits removal of a "civil action . . . that is commenced in a State court" and brought against "the United States or *any agency* thereof," among others. 28 U.S.C. § 1442(a) (emphasis added). A "civil action" is defined by section 1442 in relevant part as "*any proceeding* (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order . . . is sought." 28 U.S.C. § 1442(d)(1) (emphasis added). Here, Plaintiffs indisputably seek a judicial order. That this case involves review of a state *administrative* action does not, by itself, divest the Court of jurisdiction. *See United States v. N. M. Env't Dept.*, No. 22-2132, 2026 WL 1733641, at *7 n.5 (10th Cir. June 16, 2026) (stating that the United States was entitled to remove a New Mexico "state-court compliance proceeding" to federal district court "under 28 U.S.C. § 1442(a)(1)").

Additionally, the "narrow" *Rooker-Feldman* doctrine does not preclude judicial review of a VADEQ permit.[1] *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In *Exxon Mobil*, the Supreme Court explained that the *Rooker-Felman* doctrine only

---

[1] *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923)

precludes federal district court review of "cases brought by state-court losers complaining of injuries caused by *state-court judgments*." *Id.* at 281 (emphasis added). The Supreme Court has further explained that the doctrine "has no application to judicial review of executive action, including determinations made by a state administrative agency." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 & n.3 (2002).

*Kirkpatrick v. Lenoir County Board of Education,* quoted in the Court's Order, does not require a different outcome. 216 F.3d 380 (4th Cir. 2000). First, as a distinguishing factor, the United States was not a party to that case. Second, like the court in *Kirkpatrick*, this Court does not "sit as appellate tribunal[]" over a *state court* proceeding. *Id.* at 387. Rather, just as in *Kirkpatrick*, this case presents an original civil action. *See id.* 382, 387. In *Kirkpatrick*, the parents of a disabled student in North Carolina filed suit in federal court under the Individuals with Disabilities Education Act ("IDEA") challenging a state administrative decision. *Id.* at 382. The question before the Fourth Circuit was whether:

> [The] action filed in federal district court pursuant to the IDEA is an original civil action, for which a counterclaim would be permitted [in federal district court], or whether the action is more accurately characterized as an appeal, such that the other party would have to file an additional appeal within the prescribed period in order to preserve its claims.

*Id* at 383. The Fourth Circuit concluded that the actions in federal court pursuant to the IDEA are original civil actions. *Id.* at 383-84. The same is true here. The review of the VADEQ permit Plaintiffs seek here is a "civil action," as defined in the federal officer removal statute. 28 U.S.C. § 1442(d)(1); *see also City of Chicago*, 522 U.S. at 163 (a complaint containing state law claims for on-the-record review of the administrative findings is within the jurisdiction of federal district court). Thus, this Court has subject matter jurisdiction (assuming a valid waiver of sovereign immunity and Article III standing) to adjudicate that action.

Because this Court's jurisdiction upon removal under section 1442(a) is derivative of the state court's jurisdiction, it "mirror[s]" that of the state court prior to removal. *Palmer v. City Nat'l Bank, of W. Va.*, 498 F.3d 236, 239 (4th Cir. 2007). And because United States has not waived sovereign immunity to Plaintiffs' claim, the Virginia state court lacks (and thus derivatively, this Court lacks) jurisdiction; thus, the United States should be dismissed. "Sovereign immunity is not only a bar to liability but also a bar to the court in which suits against the United States can be filed." *Evans v. United States*, 105 F.4th 606, 612 (4th Cir. 2024) (quoting *Bullock v. Napolitano*, 666 F.3d 281, 284 (4th Cir. 2012)). But setting aside the questions of sovereign immunity and standing, this Court's jurisdiction to adjudicate the case mirrors that of the state court, which plainly has jurisdiction to adjudicate Plaintiffs' permit challenge against VADEQ.

### III. Because Sovereign Immunity Bars Plaintiffs' Claim Against the United States, the United States Must Be Dismissed and the Remaining Action Remanded.

The United States must be dismissed from this case and the claims against the VADEQ remanded. As explained in the United States' Second Motion to Dismiss, Congress has not waived sovereign immunity to subject the United States to suit in either this Court or in Virgina state court when, as here, there is no allegation that the United States has violated federal or State law. Where the state court lacks subject-matter jurisdiction with respect to the United States based on sovereign immunity, this Court, on removal, similarly lacks subject-matter jurisdiction with respect to the United States. *See Palmer*, 498 F.3d. at 239. Because neither this Court nor the Virginia state court has jurisdiction over the United States in this action, the United States must be dismissed and not remanded. *See Bullock,* 666 F.3d at 286 (dismissing removed case where United States had not waived sovereign immunity to be sued in state court); *Smith v. United States*, No. 5:18-cv-00111, 2018 WL 6422473, at *2 (W.D. Va. Dec. 6, 2018) (in removed

case, because "the state court lacked jurisdiction, . . . dismissal—rather than remand—is the appropriate remedy.")

If the Court were to remand the case including the United States as a defendant to Virginia state court, the United States would again remove the case to federal district court as is its right. "The United States ordinarily enjoys an absolute right to remove cases to federal court." *North Carolina v. United States*, 7 F.4th 160, 163 (4th Cir. 2021). The Supreme Court has long "held that the right of removal is absolute for conduct performed under color of federal office, and has insisted that the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).'" *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)). Thus, remand of United States as a defendant would be futile. Cases "should be dismissed on sovereign immunity grounds" rather than remanded where "a court, *state or federal*, lacks jurisdiction." *Louisiana v. Sparks*, 978 F.2d 226, 235-36 (5th Cir. 1992) (emphasis added). As such, dismissal of the United States from this suit is required.

In arguing for remand of the United States, even when futile, Plaintiffs misplace reliance on *International Primate Protection League v. Administrators of Tulane Educational Fund*, 500 U.S. 72, 87 (1991). In that case, the Supreme Court remanded the action because it found that the National Institutes of Health lacked authority to remove the case in the first place. *Id.* Importantly, the Supreme Court's holding in *International Primate* that a federal agency (rather than a federal officer) could not remove an action under section 1442(a)(1) was superseded when Congress amended the statute in 1996 to include federal agencies. *See Federal Courts Improvement Act of 1996*, Pub. L. No. 104-317, § 206, 110 Stat. 3847, 3850 (1996). Here, no

dispute exists that the United States' removal was appropriate; thus, reliance *International Primate* is unfounded.

Similarly, Plaintiffs' reliance on the Fourth Circuit's decision in *Roach v. West Virginia Regional Jail & Correctional Facility Authority*, 74 F.3d 46, 48 (4th Cir. 1996), is misplaced. In that case, the only defendant was a state agency, and the court remanded on the basis of Eleventh Amendment sovereign immunity. *Id.* at 48-49. That case stands only to support Plaintiffs' position that their claims against VADEQ must be remanded, rather than dismissed.

In sum, this Court should dismiss the United States from this action because there is no waiver of sovereign immunity, and it should remand only the claims against VADEQ to Virginia state court.

Respectfully submitted,

Date: October 27, 2026

/s/ *Laura J. Brown*
Laura J. Brown
Senior Attorney
PA Bar 208171
Energy & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Telephone: (202) 305-5314
Facsimile: (202) 514-8865
E-mail: laura.j.s.brown@usdoj.gov

/s/ *Krista Consiglio Frith*
KRISTA CONSIGLIO FRITH
Assistant United States Attorney
Virginia State Bar No. 89088
P. O. Box 1709
Roanoke, VA 24008-1709
Telephone: (540) 857-2250
Facsimile: (540) 857-2283
E-mail: Krista.Frith@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2026, I caused a true copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide electronic notice to all counsel of record.

*/s/ Laura J. Brown*