**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

| | | |
|---|---|---|
| **WILD VIRGINIA, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-cv-0100** |
| | ) | |
| **VIRGINIA DEPARTMENT OF ENVIRONMENTAL QUALITY, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## RESPONSE TO ORDER

The Virgina Department of Environmental Quality and Michael Rolband, in his official capacity (collectively "DEQ"), by counsel, file this Response to Order as directed by the Court in its September 3, 2026 Order (the "Order"), as amended.

## I. INTRODUCTION

DEQ maintains its position that this Court lacks jurisdiction to hear this case, but this position is supported by sovereign immunity and Eleventh Amendment immunity. DEQ agrees theoretically at least – jurisdiction over a state court administrative appeal in a case removed under 28 U.S.C. § 1442(a). The dearth of case law on the precise issue this Court requested the parties brief stems from the ancillary immunity issues that removal creates, as well as the infrequency of parallels to the issue at hand.

## II. FACTUAL BACKGROUND

Wild Virginia and the Potomac Riverkeeper Network (collectively "Plaintiffs") seek to challenge a stormwater permit (the "Permit") issued by DEQ to the Army's Fort Belvoir facility. The Plaintiffs filed their challenge to the Permit in Charlottesville City Circuit Court, and the

Army then removed the matter to this Court. Defendants DEQ and the Army both brought motions to dismiss challenging the plaintiffs' standing. This Court then entered an Order on September 3, 2026, directing the parties to brief certain jurisdictional issues. Specifically, this Court directed the parties to address the question of whether it has jurisdiction to "sit in all review of a Virginia state agency." ECF 33 at 3. Both the Plaintiffs and the Army agree that, putting all other considerations aside, that this Court can exercise jurisdiction in this case pursuant to derivative jurisdiction under 28 U.S.C. § 1442(a).

## III. DEQ'S POSITION

DEQ agrees with the Plaintiffs and the Army that a district court can exercise derivative jurisdiction under 28 U.S.C. § 1442(a) in state administrative appeals, absent any other impediment. In this case, however, The Commonwealth has not waived Eleventh Amendment immunity or sovereign immunity, and this Court lacks jurisdiction to hear this claim.

There are two methods by which a state's eleventh amendment immunity may be overcome, and neither method is applicable here. First, Congress may explicitly legislate to abrogate this immunity. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). Second, the state may voluntarily waive its eleventh amendment immunity. Neither method is applicable here. In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated "by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *McConnell v. Adams*, 829 F.2d 1319, 1328-29 (1987). The Plaintiffs cannot maintain this action in this Court.

Similarly, the Commonwealth of Virginia never agreed to allow appeals brought under the Virginia Administrative Process Act ("VAPA") to be heard in the federal district courts of the United States. The VAPA represents a limited waiver of state sovereign immunity under which

the Commonwealth has agreed to allow appeals of administrative decision made by its agencies pursuant to a specific, narrow process in Virginia's circuit courts. The Commonwealth's limited waiver of sovereign immunity must be strictly construed, and this Court lacks jurisdiction to hear this matter.

Virginia waives its state sovereign immunity only when a statute "has explicitly and expressly announced such a waiver." *Ligon v. Cty. of Goochland*, 279 Va. 312, 317, 689 S.E.2d 666, 669 (2010). In doing so, "[t]he Commonwealth also may tailor its consent to be sued by prescribing certain modes, terms, and conditions" including limiting "the right to sue to certain specified causes, . . and when it does so it can be sued only in the manner and upon the terms and conditions prescribed. Compliance with the conditions and restrictions set forth in the [relevant] statute is jurisdictional." *Va. Bd. of Med. v. Va. Physical Therapy Ass'n*, 13 Va. App. 458, 465 (1991).

DEQ, requests that this case be remanded, or that the Court allow a fulsome opportunity for briefing on the many jurisdictional issues. Likewise, DEQ does not object to the Army's request that this matter be remanded to the state court.

Respectfully Submitted,

THE VIRGINIA DEPARTMENT OF
ENVIRONMENTAL QUALITY AND MICHEAL
ROLBAND

By Counsel: /s/ John D. Gilbody
John D. Gilbody (VSB No. 42788)
Senior Assistant Attorney General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-4319
Email: jgilbody@oag.state.va.us

Jerrauld C.C. Jones
*Attorney General of Virginia*

Gretchen E. Nygaard
*Deputy Attorney General*

Jacqueline C. Hedblom
*Senior Assistant Attorney General*

John D. Gilbody (VSB No. 42788)
Senior Assistant Attorney General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-4319
Email: jgilbody@oag.state.va.us
*Counsel of Record*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

/s/ John D. Gilbody
John D. Gilbody* (VSB No. 42788)
Senior Assistant Attorney General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-4319
Email: jgilbody@oag.state.va.us